875 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman James CARTER, Plaintiff,
v.
Jack Arthur HARRIS, Defendant & Third Party Plaintiff-Appellant,
v.
UNITED STATES of America, Third Party Defendant-Appellee.
 No. 88-3179.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1989.
Decided May 1, 1989.
 
 Fred Calvin Alexander, Jr. (McGuire, Woods, Battle & Boothe on brief) for appellant.
 Paula Potoczak, Assistant United States Attorney (Henry E. Hudson, United States Attorney, Barbara L. Ward, Assistant United States Attorney on brief) for appellee.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and YOUNG, Senior District Judge, sitting by designation.
 PER CURIAM:
 
 
 1
 Following a November 1987 automobile accident involving Jack Arthur Harris and Herman James Carter, Carter sued Harris for $750,000 in compensatory and $500,000 in punitive damages. Harris then filed a third party action against the United States seeking defense and indemnification against Carter's claims based on the Federal Drivers Act, 28 U.S.C. Sec. 2679. Harris' third party claim is predicated on his work as an investigator on behalf of a government agency.[1]
 
 
 2
 The district court dismissed Harris' action against the United States and the underlying suit subsequently was settled. The district court relied upon the language of Harris' employment contract, his part-time and flexible schedule, and the absence of direct government supervision or involvement in the performance of his assignments finding that Harris was neither a statutory nor a common-law employee of the government.
 
 
 3
 Harris appeals from the district court's dismissal of his indemnification claim against the United States. For the reasons set forth in the district court's opinion and explained below, we affirm.
 
 
 4
 We have no difficulty concluding that Harris was not a common law employee of the government. As the district court indicated, the contract between Harris and the government agency identified Harris as an "Independent Contractor" and stated explicitly that "nothing contained herein shall be construed as implying the creation of an employee-employer relationship." A separate "Acknowledgment of Independent Contractor Status" statement was also signed by Harris. Moreover, the government did not supervise the performance or execution of Harris' duties, only requiring that he adhere to certain standards of professionalism while conducting the assignments given him: Harris set his own hours and was solely responsible for charting the course of his investigations. He did not receive any pension benefits and the government did not withhold any income or social security benefits on his behalf.
 
 
 5
 Harris' second argument is that he should be considered a statutory employee under the relevant portions of 28 U.S.C. Sec. 2671 which are set forth in the margin.[2] He contends that he falls within the broad inclusionary definition of "employee of the government" because he was a "person[] acting on behalf of a federal agency in an official capacity." Although the provision relied upon by Harris is indeed broad, we believe that two Supreme Court decisions and Circuit precedent dictate a somewhat less expansive reading of section 2671 than urged by Harris.
 
 
 6
 In Logue v. United States, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973), the Court held that the United States could not be sued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Sec. 1346 et seq., for the death of a federal prisoner being detained in a county jail which had contracted to guard federal prisoners. The Court first concluded that county personnel were not employees of a federal agency because they were employees of a "contractor with the United States." Loque, 412 U.S. at 530. The Court then considered whether the "acting on behalf of a federal agency in a official capacity" language of 28 U.S.C. Sec. 2671 is sufficiently inclusive to overcome the "contractor exclusion," and rejected such an interpretation noting that the legislative history, though scant, suggests that the language was intended "to cover special situations such as the 'dollar-a-year man' ..., or an employee of another employer who is placed under direct supervision of a federal agency pursuant to contract or other arrangements." 412 U.S. 531 (emphasis added). Thus, by requiring the existence of government control in addition to the imprimatur of government authority, the Court adopted a narrower construction of the "acting on behalf of a federal agency" provision than that advanced by Harris.
 
 
 7
 In United States v. Orleans, 415 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), the Court affirmed a district court's grant of summary judgment in favor of the United States in a case where the negligent actors were employees of a nonprofit community organization which was created to take advantage of federal programs sponsored by the Office of Economic Opportunity ("OEO"), had no source of funds other than OEO, only conducted progams which were formulated by OEO, and, in general, was closely supervised by OEO. 415 U.S. at 811. The Court stressed that "[a] critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor,' " and that the critical question "is not whether the [private entity] receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." Id. at 814-815 (citation and footnote omitted).
 
 
 8
 Harris in arguing that Loque and Orleans are inapplicable because those cases involved the negligence of an employee of a government contractor makes the absence of contractual privity between the negligent actor and the government the crucial distinction. We believe, however, that such a distinction elevates form over substance and ignores the Supreme Court's emphasis on the extent to which the government exerts day-to-day control over the activities of the negligent actor.
 
 
 9
 In Wood v. Standard Products Co., Inc., 671 F.2d 825 (4th Cir.1982), this court held that the United States was not liable for the alleged negligence of a private physician who rendered outpatient care pursuant to a contract with the United States Public Health Service ("PHS"). This court found no significance in the fact that the PHS had contracted with Reedville Medical Clinic, Inc. and not with the treating physician for the delivery of medical services.[3] Rather, the court focused exclusively on the absence of government control over the physician's performance and delivery of those services.
 
 
 10
 Thus, the precedent of this Circuit strongly suggests that the existence or absence of contractual privity between the government and the negligent actor is not the critical inquiry. Regardless of the extent to which Wood might be distinguished, we are disinclined to do so because we believe the analysis in Wood is fundamentally correct. We find no evidence of Congressional intent and perceive no strong rationale supporting the view that the independent contractor exception of 28 U.S.C. Sec. 2671 is inapplicable where the contractor is an individual rather than a corporation or other entity.[4]
 
 
 11
 To summarize, we conclude that Loque and Orleans foreclose the expansive reading of section 2671 sought by Harris and that there is no sound basis on which to distinguish between individual and other contractors. See Wood, supra. Instead, the cases compel us to consider the degree of government control over Harris' performance.[5] The district court found that the government did not exercise any significant control over the day-to-day activities of Harris or the course of his investigations, and we find no basis for questioning the correctness of that evaluation.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The particular government agency has not been identified pursuant to agreement between the parties. Harris performed confidential background investigations of individuals seeking national security clearance
 
 
 [2]
 Sec. 2671. Definitions
 As used in this chapter ...
 "Federal Agency" includes the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor of the United States.
 "Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.
 
 
 [3]
 The treating physician and his wife were the sole shareholders of Reedvile Medical Clinic, Inc., and the physician was the clinic's sole employee. Wood v. United States, 494 F.Supp. 792, 794 (E.D.Va.1980)
 
 
 [4]
 The only rationale offered by Harris is that the FTCA and FDA were intended to address the absence of comprehensive liability insurance for individual contractors. This rationale fails to explain why individual independent contractors could not bargain for indemnification from the government or why their hourly wage should not be presumed to reflect the individual's responsibility for maintaining such insurance
 
 
 [5]
 The other cases on which Harris relies pre-date Loque and Orleans